IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00013-GCM

| | |
|---|---|
| DUANE LETROY BERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BRIDGEWATER CAPITAL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint and his motions for (1) summary judgment, (2) a pretrial conference, (3) to amend the order requiring production of his prisoner trust account, and (4) to freeze assets.

In addition to reviewing Plaintiff's application to proceed *in forma pauperis*, the Court must examine the complaint to determine whether this Court has jurisdiction and to ensure that the action is not (1) frivolous or malicious; or (2) that the complaint fails to state a claim upon which relief may be granted; or (3) that Plaintiff is seeking monetary damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i),(ii), and (iii); see also Michau v. Charleston County, S.C., et al., 434 F.3d 725, 728 (4th Cir.) (noting § 1915(e) "governs IFP filings in addition to complaints filed by prisoners . . ."), cert. denied, 548 U.S. 910 (2006).

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to

1

allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Plaintiff's complaint, he moves the Court to, among other things, grant an injunction that would order all of Bank of America's assets to be transferred to the Defendant and order that all of Bank of America's branches and banking operations be shut down. Even the most generous and liberal reading of Plaintiff's complaint demonstrates that it is plainly frivolous and it will therefore be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's motion for summary judgment is **DENIED**. (Doc. No. 3).
2. Plaintiff's motion for a pretrial conference is **DENIED**. (Doc. No. 8).
3. Plaintiff's motion to amend the order regarding his prisoner trust account is **DISMISSED AS MOOT**. (Doc. No. 9).
4. Plaintiff's motion to freeze assets is **DENIED**. (Doc. No. 10).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED**. (Doc. No. 1).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: February 8, 2017

Graham C. Mullen
United States District Judge